## SWINK'S ADM'R vs. DECHARD.

[ACTION FOR BREACH OF VENDOR'S TITLE-BOND.]

1. *Tennessee statute of 1794, as to enforcement of deceased vendor's title-bond.* The provision in the Tennessee statute of 1794, which declares that an executor or administrator "shall not be bound to make title" to lands sold by the decedent in his life-time, "until the bond or obligation of the decedent shall have been recorded in the county in which the land lies," &c., relates merely to the remedy for the enforcement of the contract, and, therefore, constitutes no defense to an action here for a breach of such title-bond; but the subsequent provision of that statute— "nor shall the holders of such obligations charge the personal estate of such decedent, until they shall have produced the obligation, duly authenticated," &c.—affects the validity of the contract sought to be enforced, and a failure to comply with it is a complete bar to such action.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Peter S. Dechard, against John S. Eustace, as the administrator of Philip D. Swink, deceased; and was commenced on the 31st July, 1854. The complaint was as follows: "The plaintiff claims of the defendant two thousand dollars, for the breach of the conditions of a bond, made by the defendant's intestate, Philip D. Swink, in his life-time, on the 2d day of March, 1841, payable to the plaintiff, in the sum of two thousand dollars, with condition that, in consideration of one thousand dollars to him (said intestate) in hand paid, he (the said intestate) bargained and sold the said plaintiff the following described land, situate, lying, and being in Franklin county, State of Tennessee, on Elk river, and adjoining the school land, the lands formerly owned by John Sturdevant and others, being the same land that said intestate's father purchased of Col. James Lewis, and containing by estimation two hundred and fifty-three acres, more or less; and said intestate then and there, by said bond, bound himself to make said plaintiff a good warranty title to said tract of

land, and every part thereof, by the first day of January, 1843, and sooner if practicable, and, in the mean time, to transfer to the plaintiff the title-bonds held by said intestate, made by his brothers Edwin and William Swink, for their interests in said land; for the true performance of all which, the said intestate bound himself in the penal sum of two thousand dollars. And the plaintiff saith, the conditions of said bond have been broken by the defendant, in this, that said intestate did not, by or before the firs t day of January, 1843, make to the said plaintiff a good warranty title to said tract of land, and every part thereof, nor did said intestate at any time transfer to plaintiff said title-bonds made by said intestate's brothers Edwin and William Swink, for their interest in said land, but to do so said intestate wholly neglected; to plaintiff's damage as before stated."

The defendant filed ten pleas, the third of which was in these words: "And for further answer to said complaint, he defendant saith, that by an act of the legislature of the State of Tennessee, passed in 1794, and which is now, and was at the date of said bond mentioned in said complaint, in full force and unrepealed, and which is in the following words and figures: 'It shall be lawful for executors or administrators of any person or persons deceased, to make titles to any tract or parcel of lands in this State, which the person or persons were bound to make by his, her, or their obligation, in as full and as ample a manner as the decedent or decedents could have done in his, her, or their life-time; but the executor or administrator, as the case may be, shall not be bound to make such title, or titles, or deed, until the bond or obligation of the decedent shall have been recorded in the county where the land lies, and a copy of the same produced to him or her, duly authenticated; nor shall the holders of such obligations charge the personal estate of such decedent or decedents, until they shall have produced the obligation, duly authenticated, and demand made, and a refusal or failure to comply therewith on the part of such representative or representatives.' And said defendant avers, that the bond mentioned in said complaint was made, executed, and delivered in the county of

Franklin, and State of Tennessee aforesaid, for the tract or parcel of land, situate, lying, and being in the said county of Franklin, as mentioned in the conditions of said bond; and that said plaintiff never had said bond recorded in said county, and a copy thereof, duly authenticated, presented to him as such administrator, or to any administrator of his intestate; nor has the plaintiff ever produced said bond, duly authenticated, as required by the laws of Tennessee, to him as such administrator aforesaid, whereby to charge the personal estate in his hands to be administered; and this he is ready to verify."

The court sustained a demurrer to this plea, and its ruling thereon is now assigned as error. The causes of demurrer assigned, if any, are nowhere stated in the record.

JAMES ROBINSON, for appellant.
WALKER & BRICKELL, *contra*.

JUDGE, J.—The construction, interpretation, and validity of a contract, are governed by the law of the place where it was made. If the foreign law does not affect the contract itself, but relates only to the remedy for its enforcement, it can not be regarded, the remedy for a breach of the contract being governed by the law of the forum in which it is sought to be enforced.—Shepherd's Digest, 476, §§ 13, 14; 2 Kent, 455–63.

In the case before us, the defendant below, in his third plea in bar of the plaintiff's action, avers, that the bond sued on was executed in the county of Franklin, and State of Tennessee; and that the tract or parcel of land, which is the subject-matter of the bond, is situate in the said county and State; and there is set out in the plea a statute of the State of Tennessee, which, it is averred, was, at the date of the bond, and at the time the plea was filed, "in full force and unrepealed." The statute, as set forth, is as follows: "It shall be lawful for the executors or administrators of any person or persons deceased, to make titles to any tract or parcel of land in this State, which the person or persons were bound to make by his or her obligation, in as full and as ample a manner, as the decedent or

Swink's Adm'r v. Dechard.

decedents could have done, in his, her, or their life-time; but the executor or administrator, as the case may be, shall not be bound to make such title or titles, or deed, until the bond or obligation of the decedent shall have been recorded in the county where the land lies, and a copy of the same produced to him or her, duly authenticated; nor shall holders of such obligations charge the personal estate of such decedent or decedents, until they shall have produced the obligation, duly authenticated, and demand made, and a refusal or failure to comply therewith on the part of such representative or representatives." It is further averred in the plea, that the plaintiff below never had said bond recorded in the county of Franklin, and State of Tennessee, and a copy thereof, duly authenticated, presented to the defendant as administrator, or to any other administrator of his intestate; and that the plaintiff never produced said bond to him as administrator, duly authenticated, as required by the statute of Tennessee, whereby to charge the personal estate of decedent, in the hands of defendant as his administrator to be administered.

The provisions of the statute pleaded, relating to conveyances of lands, in cases where the obligor of a bond for titles dies before the execution of the conveyance, we regard as giving a remedy only; and therefore they can not be made the subject of extra-territorial application. But the subsequent provision, exempting the *personal* estate of such a decedent from being charged in favor of the holder of such an obligation, unless the pre-requisites of the statute are complied with, relate to the validity of the contract itself, when it is sought to be enforced by a recovery of damages for an alleged breach of it, in an action at law. A recovery, in such an action, would be a charge upon the personal estate of the decedent, and is expressly within the inhibition of the statute, if the conditions precedent prescribed by it have not been performed. We therefore hold, that the matters of the third plea were properly pleadable in bar of the present action, and that in sustaining the demurrer to the plea, the court below erred.

As our conclusion upon this question will probably be

decisive of the case, we do not consider any of the other questions presented by the record.

Judgment reversed, and cause remanded.