# Garrett v. Trabue, Davis & Co.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Agent testifying to contract with deceased principal.*—In an action
against an administrator, seeking to charge the intestate's estate with
an account contracted by an agent, whose authority is denied, the agent
is a competent witness for the plaintiff, to prove the fact of his agency,
and the extent of his authority; the statute which excludes the testi-
mony of parties, as to transactions with a deceased person whose estate
is interested in the result of the suit (Code, § 3058), having no applica-
tion to such case.

2. *Contract of agent having interest adverse to principal.*—An agent can
not bind his principal by a contract in which he has an adverse per-
sonal interest; but this principle is not applicable to an order sent by
an agent, having charge of several plantations belonging to his princi-
pal, for goods to be furnished to the tenants, because it shows on its
face that he desired or expected to "get the benefit of profits in retail-
ing to the hands."

3. *Revocation of agency by death; sending order by mail.*—The death
of the principal operates an instantaneous revocation of the agency,
where it is not coupled with an interest; yet, where the agent sends an
order by mail, on the day before the death of his principal, to a non-
resident merchant, with whom he has a general arrangement for goods
to be supplied on orders during the year, and the merchant fills the
order within a reasonable time, in ignorance of the death of the prin-
cipal, the contract is binding as of the day on which the order was de-
posited in the mail.

4. *Specific objection to evidence.*—An objection to the admission of evi-
dence on one or more specified grounds is an implied waiver of all other
grounds of objection.

[Garrett v. Trabue, Davis & Co.]

5. *Evidence of custom; when inadmissible.*—In an action to recover the price of goods sold and delivered, which were ordered by mail, the day on which they were shipped being a material question, evidence of a custom among the merchants of the city in which plaintiffs did business to enter up their bills for goods sold, not on the day on which they were shipped, but as of the day on which the orders were received, can not be received to control the day of shipment.

6. *To what witness may testify.*—A witness testifying for plaintiff, in an action on an account for goods sold, which were ordered by an agent, whose authority is disputed, can not be allowed to state that plaintiff would not have sold the goods to the agent on his individual credit, knowing his insolvency.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Trabue, Davis & Co., partners engaged in business as merchants in the city of Louisville, Kentucky, against P. F. Garrett, as the administrator of the estate of Mrs. Eliza A. F. Lane, deceased; and was commenced on the 26th October, 1883. The complaint contained only the common counts for goods sold and delivered, amounting to $528.51, and the only plea was the general issue. The account for the goods sold and delivered contained items furnished on five different days—namely, March 25th, April 19th, May 20th, July 3d, and July 6th, 1882—which consisted of bulk meat, corn, &c.; and these were sold and shipped on orders sent by mail, by E. J. Russell, as the agent of Mrs. Lane. The goods shipped on May 20th were ordered on May 15th, and Mrs. Lane died early in the morning of the next day. Letters of administration on her estate were granted to the defendant on the 8th August, 1882, and the plaintiffs' claim was presented to him on the 17th August, 1883. On the trial, numerous exceptions were reserved by the defendant to the rulings of the court, all of which are here assigned as error (twenty-two in all); but it is only necessary to notice the following:

The plaintiffs introduced E. J. Russell as a witness, through whom, as agent for Mrs. Lane, the goods were ordered and shipped. The defendant objected to the competency of said Russell as a witness, on the ground that he was beneficially interested in the result of the suit, and was incompetent to testify as to any transaction with, or statement by the defendant's intestate; and he duly excepted to the overruling of his objection. Said Russell testified, in substance, that he had authority, as agent for Mrs. Lane, to order the goods as he did; that he had been engaged in business as a merchant, in Athens, "up to early in 1882, when he went out of that business; that Mrs. Lane then employed him, as her general agent, to manage, look after

[Garrett v. Trabue, Davis & Co.]

and superintend her property and affairs, consisting of a house and lot in Athens, and several plantations in Limestone county, and her dealings in the community ; that she gave him special authority to procure from plaintiffs the supplies here sued for, in order to furnish tenants on her plantations, according to his contracts as agent when he let out the lands to them for the year 1882 ;" and that he gave the written orders for the goods, as shown by the account which he produced, and which had been made out by him, on the request of the plaintiffs' attorney, to be filed as a claim against Mrs. Lane's estate. The first order was dated March 21st, 1882, addressed to plaintiffs, signed by "E. J. Russell, agent," and in these words : "When Col. Wright was here, I spoke to him in regard to furnishing me, as agent for Mrs. Lane, $300 or $400 in supplies for renters on her places, and proposed to give you shipments of cotton from these places for the accommodation. I know the shipments will be as much as 40 B. C., and probably more, and all other shipments that I can control. I will want this arrangement separate from others you may make with parties here, so that I can get the benefit of profits in retailing to the hands. If you can accommodate me in this way, please send 50 bu. corn, and 300 lbs. meat, at once." To each part of this evidence the defendant objected, as irrelevant and illegal, and duly excepted to the overruling of his objections.

The third item of the account was for the goods ordered or the 18th May, 1882, the order being signed by "E. J. Russell, agent ;" and the defendant objected to its admission as evidence, " because it was by said Russell in his individual capacity," and " because said Russell, as agent, had no authority to make said order," and " because defendant's intestate died before said order was filled by plaintiffs." The court overruled the objections, and admitted the order as evidence ; to which rulings the defendant excepted. Evidence as to the other items of the account was admitted, against the objection of the defendant ; but the court instructed the jury, after the evidence was closed, to disregard all the evidence as to these items. One Hudson, a travelling agent of the plaintiffs, was examined as a witness for them, and testified, against the objection of the defendant, that among the merchants on Main street in the city of Louisville, Kentucky, when they filled orders as in this case, the custom was to date the bills as of the time at which the orders were received ; and to the admission of this evidence the defendant duly excepted. Said witness was also allowed to testify, against the objection of the de-

fendant, that said Russell was insolvent when these several orders were sent and filled, that his insolvency was known to plaintiffs, and that they would not have sold him goods on credit on his personal responsibility ; and exceptions were duly reserved by the defendant to the admission of each part of this evidence.

The court charged the jury as follows : "As to the third item of the account" [the goods ordered on the 15th, and shipped on the 20th May]," if the jury find, from the evidence, that said Russell was agent for Mrs. Lane, with authority to make this account ; and that said item is correct; and that said Russell mailed said order on the 15th May, 1882 ; and that Mrs. Lane did not die until the morning of the 16th May ; and that plaintiffs filled said order, on or about May 20th, 1882, without any notice of the death of Mrs. Lane ; then plaintiffs would be entitled to recover, as to this item of the account." The defendant excepted to this charge, and he here assigns it as error, together with the other rulings to which he reserved exceptions.

McClellan & McClellan, for the appellant.—(1.) Russell was beneficially interested in the suit, and was incompetent to testify as to any transaction with the deceased. Code, § 3058 ; 74 Ala. 213, 218 ; 72 Ala. 494; 60 Ala. 374 ; 71 Ala. 102 ; 67 Ala. 386 ; 65 Ala. 294; 63 Ala. 59. (2.) None of the orders ought to have been admitted as evidence, because there was no competent evidence of Russell's authority as agent ; and because, admitting the fact of his agency, power to superintend and manage the plantations gave him no authority to buy goods on credit in a foreign market, when he had in his hands money belonging to his principal ; and because the first order shows on its face that he had a personal interest in the contract adverse to his principal, and therefore could not bind her.—60 Ala. 500 ; 65 Ala. 59 ; 53 Ala. 104 ; 16 Ala. 28 ; 9 Porter, 210 ; Wharton on Agency, 245. (3.) The death of Mrs. Lane, before the order of May 15th was filled, operated a revocation of the agency ; and neither that item of the account, nor those afterwards ordered and filled, imposed any liability on her estate.—32 Ala. 404,; 31 Ala. 274; 73 Ala. 372; 8 Wheat. 174; Wharton on Agency, 104; 2 Humph. 350; 4 Peters, 331; 52 Miss. 353; 3 Vt. 11; 46 Vt. 728; 9 B. & C. 170; 10 M. & W. 1. (4.) The evidence as to an alleged custom was improperly admitted.—30 Ala. 167; 32 Ala. 617; 75 Ala. 596. (5.) The insolvency of Russell, the plaintiffs' knowledge of it, and whether or not they would have sold him goods on credit, were irrelevant to any of the issues in this case ; nor

[Garrett v. Trabue, Davis & Co.]

could the witness testify whether or not they would have have sold him goods on credit.—77 Ala. 236; 71 Ala. 299, 383.

MILTON HUMES, W. R. FRANCIS, and W. R. WALKER, *contra*, cited *Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 566; *Baldwin v. Ashby*, 54 Ala. 82; *Daily v. Daily*, 66 Ala. 266; *Smith v. Bryant*, 60 Ala. 235; *Dunlap v. Mobley*, 71 Ala. 102; *Wood v. Brewer*, 73 Ala. 259; *Jaques v. Horton*, 76 Ala. 238; 2 Parsons on Contracts, 3d ed., 542-3.

CLOPTON, J.—1. The exceptions to the statutory rule, that there shall be, in suits and proceedings other than criminal, no exclusion of any witness because he is a party, or interested in the issue tried, is limited to the parties, the term being construed to include, as within the scope and spirit of the exception, those who claim as beneficiaries under or by representation of a decedent, whose personal representative is a party.—Code of 1876, § 3058. The agent of a deceased person, whose estate is interested in the result of the suit, may be called by the adversary party, when he does not claim under him, or is not beneficially interested, to testify to transactions with, or statements by his deceased principal. Such agent is not a party, in the largest and most extended use of the term. In order that a case may arise for the application of the exception, there must exist a direct, present conflict of interest between the estate of the deceased and the living. The presumption being in favor of competency, the burden is on the defendant to show incompetency. The record does not disclose that the agent, who was examined as a witness, had a beneficial interest in the result of the suit, within the meaning of the exception. He was competent to prove his agency, and the extent of his authority.—*Daily v. Daily*, 66 Ala. 266; *Wood v. Brewer*, 73 Ala. 259; *Smith v. Bryant*, 60 Ala. 235; *McCrary v. Rash*, 60 Ala. 374; *Hill v. Helton*, 80 Ala. 528.

2. It was the legal duty of the plaintiffs, independent of a request, to keep the arrangement by which defendant's intestate was furnished supplies, separate from similar arrangements with other parties. They might reasonably have understood, that the profits to be made in retailing to the hands were intended for the benefit of the principal; that the agent would act in good faith. On the terms of the order, a case does not arise for the application of the general rule, that the agent can not bind the principal, where he has an adverse interest in himself; but it is a case of an agent making profits in the management of the matter of

the agency, which belong to his principal, for which he is liable to account.

3. It does not appear that the agency is coupled with an interest, or that there was employment for a definite time, supported by a valuable consideration. The general rule is, that the death of the principal operates, *per se*, an instantaneous revocation of an agency not coupled with an interest.—*Scruggs v. Driver*, 31 Ala. 274. Whether, on revocation by death, the parties being ignorant thereof, acts of the agent, done thereafter, are binding on the estate or personal representatives of the principal, we do not propose to discuss or decide. The agent knew of the death of his principal; but it does not appear that the plaintiffs were informed, when they forwarded the supplies called for by the order of May 15, 1882. The agent and the plaintiffs resided at different places. If the evidence of the agent is believed, an arrangement had been made in the early part of the year, by which the plaintiffs were to furnish supplies for the tenants of the principal. By the course of dealing between the parties, orders for supplies were transmitted through the mail. The hypothesis of the charge given by the court is, that the order was mailed on the day preceding the death of the principal, and the goods were shipped by plaintiffs without notice of her death. Where the authority has been in part actually executed by the agent, at the time of revocation, the principal will not be allowed to revoke the unexecuted part as to the other contracting party, and his rights are unaffected by the revocation.—Story on Agency, § 466. The same rule is applicable in case of revocation by death. When the order was posted, the agent executed the authority so far as requisite to a valid contract; and if the goods were shipped by the plaintiffs, in pursuance of the order, within a reasonable time, and in ignorance of the death of the principal, it became a completed contract from the day the order was deposited in the mail, binding on the estate of the principal, notwithstanding it was not received by the plaintiffs until after her death.—*Hatchett v. Molton*, 76 Ala. 410. Conceding there is error in admitting the orders subsequent to the death of the principal, it is cured by the instruction to the jury to disregard the evidence.

4. Though there may have been valid objections to the introduction of the account itself, the defendant having specified the grounds of objection, he will be regarded as waiving all other grounds. Neither of the grounds specified was sufficient to exclude the account.—*Jaques v. Horton*, 76 Ala. 238.

VOL. LXXXII.

[Eagan Company v. Johnson.]

5. The alleged custom among the merchants on Main street in the city of Louisville did not tend to explain any ambiguous or doubtful term of the contract, or to show the intention, understanding, or agreement of the parties, in respect to a term as to which the contract is silent; which is the proper office of a usage or custom in trade.—*E. T., V. & G. R. R. Co. v. Johnson,* 75 Ala. 596. Evidence of custom will not be admitted to displace a general rule of law. The question being whether the supplies were shipped before the plaintiffs received information of the death of defendant's intestate, it is not permissible to prove the fact by evidence of a custom to enter the bills as of the date when the orders were received, though the goods may not in fact have been shipped on that day. The time of shipment, and that the plaintiffs were ignorant at that time of the death of the principal, with whose agent they contracted, are independent and material facts, not capable of being proved by a usage to date the bills as of the time the orders were received.

6. The insolvency of the agent, and that it was known to the plaintiffs, are circumstances proper to be considered by the jury in determining on whose credit the goods were sold, this being a disputed question. But parties, though made competent witnesses, are not allowed to testify to their uncommunicated motive or intention; and much less can a witness, who can not know, testify to the motive or intention of the plaintiffs, or to what they would or would not have done under given circumstances. Witnesses must speak to and of facts, and not to conclusions, which must be deduced by the jury, independent of the opinion of the witness. —*McCormick v. Joseph,* 77 Ala. 236; *Whizenant v. State,* 71 Ala. 383; *Wilson v. State,* 73 Ala. 527; *Ala. Fer. Co. v. Reynolds,* 79 Ala. 497.

We discover no other errors in the record.

Reversed and remanded.