[Southern Express Company v. Gibbs.]


# Southern Express Company *v.* Gibbs.

### *Damage for Failure to Deliver Goods.*

(Decided April 21, 1908. 46 South. 465.)

1. *Carrier; Goods; Limitation of Liability; Negligence.*—A paid bailee may not limit the extent of its liability for the negligence of itself, or of its servants or agents, by an agreed valuation, upon a consideration of reduced charges, for the carriage of goods where such agreed valuation is disproportionate to the real value of the goods, although the real value or the contents of the package is not disclosed to the carrier; such limitation being against public policy.

2. *Contracts; Validity; By What Law Governed.*—As to its nature, obligation and validity a contract is governed by the law of the state where made, unless it is to be performed in another state, in which case, the law of the place of performance governs

3. *Carriers; Contract of Carriage; Construction; Place of Performance.*—Where a contract is made in New York with a carrier to ship goods and deliver them at a point in Alabama, so far as delivery is involved the contract was to be wholly performed in Alabama and the carrier's liability for failure to deliver depends upon the law of the place of delievry

APPEAL form Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Clara D. Gibbs against the Southern Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

In view of the decision it is deemed advisable to set out the second plea, which is as follows: "For further answer the defendant says that the alleged shipment was made by plaintiff's agents in two cases under a contract or a bill of lading, partly printed and partly written, under which the Adams Express Company agreed to carry the goods upon the terms and conditions therein set ·forth, to which the shipper agreed, and as evidence thereof accepted the said bill of lading. And defendant avers that among other terms and conditions set forth and contained in said bill of lading were the

following: 'In consideration of the rate charged for carrying said property, which is regulated by the value thereof, and is based upon a valuation not exceeding $50 unless a greater value is declared, the shipper agrees that the value of said property is not more than $50 unless a greater value is stated therein, and that the company shall not be liable in any event for more than the value so stated, nor for more than $50 if no value is stated therein. The terms and conditions of this contract shall apply to any forwarding or return of said property, and shall inure to the benefit of every carrier to whom the same may be intrusted to complete the transportation. And defendant avers that when it received said goods from the Adams Express Company under its contract it became entitled to all the benefit of the terms and conditions of said bill of lading. And defendant avers that the said shipment was made and said contract executed in the city and state of New York, by the agent of the plaintiff, and, though said agent was asked the value of the goods at the time of the shipment, no value was given, but in said bill of lading was written or stamped 'Value asked and not given.' And defendant avers that neither the Adams Express Company nor this defendant knew or had notice or knowledge of the contents or value of said package, and the rate charged for the transportation of said package was under the terms of said bill of lading based and fixed upon a valuation not exceeding $50, and if the value of said goods had been disclosed the rate would have been higher. And defendant avers that said contract was made and accepted in the city and state of New York as aforesaid, and under the laws of the state of New York the Adams Express Company could lawfully limit the liability of itself and this defendant to the sum of $50 in case of the loss of said

goods, as provided in said contract or bill of lading. And defendant avers that at and before the bringing of this suit it tendered to the plaintiff the sum of $50 lawful money, which plaintiff refused to accept, and it now brings said sum of $50, with the costs accrued to this date, into court, and pleads said tender in discharge of its liability under said contract."

LONDON & LONDON, for appellant. The action being in Code form is on the contract.—*N. C. & St. L. Ry. Co. v. Smith,* 132 Ala. 434. The conditions pleaded form a part of this contract and it must be recognized as a New York contract and controlled in its enforcement and construction by the New York Law.—*Southern express Co. v. Owen,* 41 South. 752; *Southern Ry. Co. v. Harrison,* 119 Ala. 539; *Pete v. Hatcher,* 112 Ala. 514; *Cubbage v. Nepier,* 62 Ala. 518; *Donegan v. Wood,* 49 Ala. 242; *Liverpool & G. W. Co. v. Phenix Ins. Co.* 129 U. S. 397; *McDaniel v. C. & N. W. R. R. Co.* 24 Ia. 412; *Penn. R. R. Co. v. Fairchild,* 69 Ill. 260; *Fonseca v. Cunard S. S. Co.* 153 Mass. 553; 5 Dak. 568; 60 Fed. 625; 112 U. S. 331; 63 L. R. A. 513. The court's attention is especially directed to the case of *Johnson v. Western Tel. Co.* 10 L. R. A. (N. S.) 256; *Donlon v. Southern Pac. Co.* 11 L. R. A. (N. S.) 811.

JOHN H. MILLER, and A. LEO OBERDORFER, for appellee. The contract is either so contrary to the public policy of the forum that it will not be enforced, or the part of the contract relied on is in reference to the performance, and is governed by the lex loci solutionis. —*Southern Ry. Co. v. Jones,* 132 Ala. 437; *Southern Express Co. v. Owens,* 146 Ala. 413; *Broadwood v. Southern Express Co.* 41 South. 769; *Grogan v. Southern Express Co.* 114 Penn. St. 523; *Penn. R. R. Co. v.*

20 C

*Hughes,* 191 U. S. 411; *In re Kensington,* 183 U. S. 263; Storey's Conflict of Laws, 244; 69 Fed. 462; 68 Fed. 796.

TYSON, C. J.—This action is to recover damages for the breach of a contract. The breach alleged and relied on for recovery is the defendant's failure to deliver to plaintiff at Birmingham, in this state, certain goods, which it contracted to deliver as a common carrier for a reward. The value of the goods was alleged to be $800. Special pleas 2 and 3, to which a demurrer was sustained, do not deny the contract to deliver or its breach as alleged, but seek simply to confine the amount of plaintiff's recovery to the sum of $50, which it is alleged in these pleas was the agreed value of the goods when accepted for shipment by the Adams Express Company in the city of New York, and that such a stipulation is valid under the laws of New York. It is not averred in either of them where the contract for the acceptance and delivery of the goods was made with this defendant. For aught appearing, the contract with defendant was entered into in some state other than New York, and where the same rule prevails with respect to the invalidity of such a contract as does in this state.—*Southern Express Co. v. Owens,* 146 Ala. 413, 418, 41 South. 752, 8 L. R. A. (N. S.) 369. That rule is that it is violative of public policy for a carrier, as a paid bailee, to limit the extent of its liability for the negligence of itself or its agents or servants by an agreed valuation upon consideration of reduced charges for carriage of goods, when such agreed valuation is disproportionate to the real value of the goods, although the contents of the package or its real value are not disclosed to the carrier.—*Southern Express Co. v. Jones,* 132 Ala. 437, 31 South. 501; *Southern Express Co. v.*

*Owens, supra,* and cases there cited. It may be that we could rest our decision of the insufficiency of these pleas upon this point, but we do not care to do so.

The insistence is that, as the stipulation limiting defendant's liability to $50 is valid under the laws of New York, where made, it should be enforced by the courts of this state, notwithstanding it is in violation of the public policy of this state as declared by our decisions. [Whether this court is committed by former decision to the proposition asserted is not necessary, under the view we take of this case, to be here determined. The rule seems to be universal that a contract, as to its nature, obligation, and validity, is to be governed by the law of the state where made, unless it is performed in another state. As said by Mr. Justice Story, and approved by this court in *Hanrick v. Andrews.* 9 Port. 26: "When the contract is expressly or tacitly to be performed in any other place, there the general rule is in conformity to the presumed intention of the parties—that the contract, as to its validity, nature, obligation and interpretation, is to be governed by the law of the place of performance." See, also, 1 Brickell's Dig. p. 252, §§ 19, 20, 21, 22; 3 Brickell's Dig. p. 125, § 18; Clark on Contracts, p. 507. According to the complaint the defendant contracted to deliver the goods in this state. The place of performance was Birmingham, in this state. The delivery could have been made nowhere else, and therefore the contract, so far as delivery was involved, was to be wholly performed in this state. Transporting the property out of the state of New York and through other states did not constitute performance, "That was merely a means of enabling the company to perform by delivery of the property at its destination."—*Pittsburg Ry. Co. v. Sheppard,* 56 Ohio St. 68, 46 N. E. 61, 60 Am. St. Rep. 732.

In *Curtis v. Del. Lack. & Western R. R. Co.* 74 N. Y. 116, 30 Am. Rep. 271, the plaintiff sought to recover damages for the loss of his baggage, which was to be delivered by the defendant carrier in New York City. The contract was made in the state of Pennsylvania, and under the statute of that state the defendant's liability for its loss was limited to $300. The court said: "The baggage, for which recovery was had, was delivered to defendant at Scranton, in the state of Pennsylvania, to be transported to and delivered in the city of New York. The first question which arises on this appeal is whether the statute of the state of Pennsylvania passed in 1867, which limits and defines the liability of railroad corporations upon contracts entered into by them for the transmission of baggage, forms a part of the contract between the plaintiff and the defendant, and should be considered as determining the right to recovery and the amount of the recovery. I think that the statute cited has no application, and that the rights of the parties must be determined in accordance with the laws of the state of New York, which are applicable to such contracts, as is manifest by referring to the principles which govern contracts of this description. One of the rules applicable to the subject is that the lex loci contractus is to govern, unles it appears upon the face of the contract that it was to be performed in some other place, or made with reference to the laws of some other place, and then the rule of interpretation is governed by the law of the place.—*Dyke v. Erie Railway Co.* 45 N. Y. 113, 6 Am. Rep. 43; *Sherrill v. Hopkins,* 1 Cow. (N. Y.) 103. The place of delivery was a material and important part of the contract, and until such delivery the same was not completed and fulfilled. Upon a failure to deliver the baggage to the plaintiff in the city of New York, there was a breach of the con-

tract; and, as the final place of performance was in
that city, it would seem to follow that, within the rule
laid down, the contract was to be governed, at least
so far as a delivery is concerned, by the laws of New
York. This certainly was to be done in a different place
from where the contract was made, and it is a reasonable
inference that it was in the comtemplation of the .par-
ties at the time, and that it was entered into with ref-
erence to the laws of the place where it was to be deliv-
ered. So, also, when it appears that the place of per-
fomance was different from the place of making the con-
tract, it is to be construed according to the laws of the
place where it is to be performed.—*Sherrill v. Hopkins,
supra,* p. 108, and authorities there cited; *Thompson v.
Ketchum,* 8 Johns. (N. Y.) 189, 5 Am. Dec. 332; 4
Kent's Com. 459. The place of final performance of
the contract being in the city of New York, although
the transportation was mostly through other states, no
reason exists why a failure to deliver the baggage should
not be controlled by the laws which prevail at the place
of delivery. It is said that the contract is entire and
indivisible, and we are referred to some cases outside of
this state which, it is claimed, sustain the doctrine
that the locality where the contract was made, in cases
of this character, must control. None of the cases cited
are entirely similar to the one at bar, and none involve
the precise point now considered. But, even were it
otherwise, they are not, I think, controlling, as no rea-
son exists why a contract to deliver baggage should not
be governed by the laws of the place where the baggage
is to be delivered." In *Brown v. Camden R. R.* 83 Pa.
316, where the contract was made with the railroad
company in Philadelphia, Pa., to transport the plain-
tiff and his baggage from that point to Atlantic City,
N. J., the court held that, although its performance

required the transportation of plaintiff and his baggage across the Delaware river, which divided the two states, its validity and effect was to be determined by the law of New Jersey, and not by that of Pennsylvania. The court distinctly placed its holding upon the point that, as the delivery of the baggage was to be in New Jersey, the contract was to be performed wholly in that state. These cases are directly in point, and we think sound. See, also, 1 Hutchinson on Carriers, §§ 202, 203.

*Southern Ry. Co. v. Harrison,* 119 Ala. 539, 24 South. 552, 43 . R. A. 385, 72 Am. St. Rep. 936, seems to be relied upon as supporting the proposition that the stipulation relied on in the pleas must be governed as to its validity by the New York law, because made there and the performance begun there, and, therefore, conclusive against the view that the contract was to be wholly performed in this state. Suffice it to say no such point was presented in that case, as will readily appear by an examination of it. It is true the court stated the rule in general terms, but expressly said it had no application to the case. It is not perceivable how that case can be held to be an authority upon the question here presented. It follows, therefore, that the action of the court in sustaining the demurrer to the pleas under consideration was correct, as likewise was its ruling upon the demurrer to pleas numbered 5 and 6.

The judgment is affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.