(90 South. 496)

**STEWART v. HARBIN. (6 Div. 486.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

Sunday ☞12—Lessor could recover for use and occupancy, though consent to assumption of lease by lessee's assignee was given on Sunday.

That lessor's consent to assumption of lease by lessee's assignee was given on Sunday did not preclude lessor from recovering from assignee for use and occupancy of premises, notwithstanding Code 1907, § 3246, making Sunday contracts, with certain exceptions, void.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Action by C. L. Stewart against G. L. Harbin for use and occupation. Judgment for the defendant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and rendered.

A. A. Griffith, of Cullman, for appellant.

The court erred in directing a verdict for the defendant, on the theory that under section 3346, Code 1907, the contract was void. 50 Ala. 385; 11 Ala. 885, 46 Am. Dec. 230; 130 Ala. 393, 30 South. 553; 125 Ala. 506, 27 South. 1003; 93 Ala. 505, 9 South. 568; 50 Mich. 136, 15 N. W. 49. Certainly the court erred in directing the verdict after the introduction of the count for use and occupation. 171 Ala. 179, 54 South. 529; 177 Ala. 317, 58 South. 193; 66 Ala. 526; 30 Ala. 591.

W. E. James, of Cullman, for appellee.

The contract was void, and not subject to recover. 101 Ala. 164, 13 South. 567; 87 Ala. 334, 6 South. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; 76 Ala. 339, 52 Am. Rep. 332; 27 Ala. 281; 28 Ala. 687. Defendant cannot be held under the contract between Wheeler and plaintiff, but, if liable at all, is liable under novation. 85 Ala. 401, 5 South. 120; 22 Ala. 288; 78 Ala. 604.

THOMAS, J. The original complaint contained the common counts and a special count for the monthly rental of a certain blacksmith's shop. By way of amendment there was added a count for the "use and occupation" of said shop "from August 1, 1918, until January 1, 1919."

The undisputed evidence was that plaintiff rented the shop to one Wheeler, who went into possession of the same under the contract, and said tenant agreed with defendant, Harbin, to assume his contract with plaintiff; that on a Sunday he and Wheeler went to the home of plaintiff, told him of their agreement, and asked if it would be satisfactory for defendant to assume the contract, to which the landlord assented, and thereafter Harbin went into possession of the shop "and paid the rent thereon for" one month, and refused to pay further rent.

After amendment of the complaint by filing the count for "use and occupation," the court gave the general affirmative charge for defendant, evidently on the ground that plaintiff could not recover on account of the contract or agreement with defendant being made in violation of the statute.

It is provided that all contracts made on Sunday, unless for the advancement of religion, or in the execution or for the performance of some work of charity, or in case of necessity, or contracts for carrying passengers or perishable freight or transmission of telegrams, or for the performance of any duty authorized or required by law to be done on Sunday, are void. Code, § 3346.

In Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557, a verbal lease had been consummated on Sunday, and as such was held void under the provisions of the statute, but admissible to prove, when undisputed, the character and quality of defendant's possession of the premises, the relation between the parties with respect to the premises, and the intent of the parties with respect to the duration of the tenure they designed to establish in the defendant; this upon the theory that the terms of the invalid lease were declarations or admissions of the parties which formed a part of the res gestæ of their acts. The statute did not preclude the "availability as evidence of a pertinent, relevant declaration or admission of parties, even though made on Sunday." Rainey v. Capps, 22 Ala. 288.

It is undisputed that the contract or lease existing between plaintiff and Wheeler was subject to no legal infirmity; that plaintiff's consent to the assumption of the contract by Harbin pursuant to his agreement with Wheeler (the record not showing when the agreement between Wheeler and Harbin was made) was given on Sunday; and that thereafter during the next succeeding month said defendant had possession of the premises under said agreement and paid one month's rent therefor.

Under the count for "use and occupation" and the undisputed evidence, the case should not have been taken from the jury at the instance of defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.