(95 South. 811)

## J. R. WATKINS MEDICINE CO. v. HARGETT et al. (8 Div. 561.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Guaranty ☞20—Fraud of principal in obtaining guaranty not known to guarantee does not defeat guarantor's liability.**

The fraud by which the principal debtor obtained a guaranty from the guarantors does not defeat the liability of the guarantors to a guarantee who did not participate in the fraud and had no knowledge thereof.

**2. Estoppel ☞72—Party who has enabled another to commit fraud must bear the loss.**

Where one of two innocent parties must suffer by a fraud perpetrated by another, the law imposes the loss upon the party who, by his misplaced confidence, has enabled the fraud to be committed.

**3. Guaranty ☞20—Delivery on condition others' should sign does not necessarily involve fraud.**

A delivery of a contract of guaranty on condition that other signatures be secured does not of necessity involve fraud.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action by the J. R. Watkins Medicine Company against J. L. Hargett and E. E. Hill. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Key & Key, of Russellville, for appellant.

In procuring the agreement of guaranty, Pace acted for himself, and not as agent for appellant. J. R. Watkins Med. Co. v. Montgomery, 140 Ark. 487, 215 S. W. 638; Saginaw Med. Co. v. Batey, 179 Mich. 651, 146 N. W. 329; Galbraith v. Shores-Mueller Co., 178 Ky. 688, 199 S. W. 779.

Wm. L. Chenault, of Russellville, for appellees.

An instrument will be held void, where its execution has been obtained by misrepresentation. The demurrer to plea 9 was properly overruled. W. T. Rawleigh Med. Co. v. Tarpley, 5 Ala. App. 412, 59 South. 512; Saint v. Wheeler & W. M. Co., 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210; W. T. Rawleigh Med. Co. v. Wilson, 7 Ala. App. 242, 60 South. 1001.

SAYRE, J. The J. R. Watkins Medicine Company brought this joint action against Pace, Hargett, and Hill on a contract the purpose of which was to secure to plaintiff the price of medicines furnished and to be furnished to Pace for resale by him. We are clear to the conclusion that by the instrument declared on Hargett and Hill became guarantors for Pace, and that the demurrer for misjoinder was properly sustained. J. W. Watkins Med. Co. v. Lovelady, 186 Ala. 414, 65 South. 52. The complaint was then amended, and the cause proceeded against Hargett and Hill.

[1] In special plea 9 defendants Hargett and Hill pleaded, substantially, that they were induced to sign the paper writing declared on by Pace's false and fraudulent representation that they were signing a recom-

mendation, by which representation they were prevented from reading the paper. Plaintiff's demurrer was overruled. Doubtless the trial court in this ruling was governed by the authority of W. T. Rawleigh Med. Co. v. Wilson, 7 Ala. App. 242, 60 South. 1001. The trial court was thus led into error. We are committed to the proposition that a surety on a nonnegotiable instrument may defend on the ground that he signed and delivered the contract to his principal on condition that it should not bind him unless others signed (Sharp v. Allgood, 100 Ala. 183, 14 South. 16; Ex parte Goldberg, 191 Ala. 360, 67 South. 839, L. R. A. 1915F, 1157; see Marks v. First Nat. Bank, 79 Ala. 550, 58 Am. Rep. 620), and it appears that the analogy afforded by such cases induced the Court of Appeals to the ruling in W. T. Rawleigh Med. Co. v. Wilson, supra. But this court said in Bromberg v. Fidelity Co., 139 Ala. 338, 36 South. 622, that:

"It seems to be a well-settled principle that the surety cannot defend when sued upon a bond upon the ground of fraudulent representations made to him by the principal"—citing Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731 and the authorities cited in the note.

In the Bromberg Case an official bond lay at the bottom of the liability sought to be enforced, and that case was controlled by the statute (section 3090 of the Code of 1896; section 1505, Code of 1907); but the law was stated in accord with authorities generally where it is said that:

"If the principal, by fraud, induces the surety to become bound, but the obligee has no notice thereof, such fraud will, as a general rule, be no defense to the surety." 1 Brandt on Sur. & Gar. (3d Ed.) § 456.

To the same effect is 28 C. J. 927, § 66, where the rule is stated in the language of the cases as follows: While the law requires the guarantee to act in good faith, unless he has knowledge of or participates therein, he is not responsible for any misrepresentation or deception practiced by the principal obligor, or other person, upon the guarantor in order to induce him to enter into the contract of guaranty. So also cases cited in the note in 39 Ann. Cas. 505.

[2] The real question is: Which of two innocent parties shall suffer by a fraud perpetrated by another? The answer is found in the principle of justice and morals, often followed by this court, which imposes the loss upon the party who, by his misplaced confidence, has enabled another to commit the fraud.

[3] In this connection it should be observed that in procuring sureties Pace was necessarily acting for himself, not for the medicine company, and that a conditional delivery, such as was involved in White Sewing Mchn.

Co. v. Saxon, 121 Ala. 399, 25 South. 784, and Sharp v. Allgood, supra, and our other cases in that line, does not of necessity involve fraud. The demurrer to plea 9 should have been sustained.

The foregoing will suffice to indicate the proper conduct of another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.