**J. R. WATKINS CO. v. PACE et al.**
(8 Div. 684.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Appeal and error** ⬅️1058(2)—**Exclusion of answer to competent question held not prejudicial error, where witness thereafter answered.**

In action on contract for goods sold, exclusion of answer to competent question asked witness on cross-examination *held* not prejudicial error, where witness thereafter answered.

2. **Evidence** ⬅️17—**Courts judicially know that particular date fell on particular day of week.**

Courts judicially know that particular date fell on particular day of week.

3. **Contracts** ⬅️175(1)—**Contract indicating no erasures or falsity presumed to bear its true date.**

Contract indicating no erasures or falsity is presumed to bear its true date.

4. **Sunday** ⬅️24—**Conflicting evidence as to date of execution of contract held to render erroneous granting of affirmative charge.**

Conflicting evidence as to place and time of execution of contract alleged by defendant to have been executed on Sunday, and void, *held* to render erroneous granting of affirmative charge.

5. **Trial** ⬅️143—**Where evidence is conflicting, general affirmative charge should not be given.**

Where evidence is conflicting, general affirmative charge should not be given.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by the J. R. Watkins Company against J. C. Pace, E. E. Hill, and J. L. Hargett. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Key & Key, of Russellville, for appellant.

Witness Pace should have been permitted to state how much medicine he bought from plaintiff. Sims v. Glazener, 14 Ala. 695, 48

Am. Dec. 120; Freeman v. Scurlock, 27 Ala. 413; Steen v. Swadley, 126 Ala. 622, 28 So. 620; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Brewer v. Watson, 65 Ala. 97. Where the evidence is in conflict the general charge should never be given. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Haynes v. Phillips, 211 Ala. 37, 99 So. 356; Pizitz Co. v. Cusimano, 206 Ala. 691, 91 So. 779; Sloss Co. v. Jones, 207 Ala. 7, 91 So. 808; Amerson v. Corona C. & I. Co., 194 Ala. 175, 69 So. 601. The presumption is that the contract was executed on the date it bears. Brown v. Nelson, 164 Ala. 397, 51 So. 360; Hauerwas v. Goodloe, 101 Ala. 162, 13 So. 567; Burns v. Moore, 76 Ala. 339, 52 Am. Rep. 332; Williams v. Armstrong, 130 Ala. 389, 30 So. 553.

Wm. L. Chenault, of Russellville, for appellees.

Contracts made on Sunday are void. Code 1907, § 3346; Flanagan v. Meyer & Co., 41 Ala. 132. The affirmative charge was properly given. Richards v. Sloss Co., 146 Ala. 254, 41 So. 288.

THOMAS, J. [1] The suit is on a guaranty contract for the sale of goods. A former appeal is reported as J. R. Watkins Medicine Co. v. Hargett et al., 209 Ala. 165, 95 So. 811. The defenses now made were the general issue and that the contract was entered into on Sunday and was void. Stewart v. Harbin, 206 Ala. 484, 90 So. 496. At defendants' request in writing the court gave the affirmative charge for them. Though it was competent to ask the witness Pace, on cross-examination, "How much medicine did you buy from the plaintiff?" (Steen v. Swadley, 126 Ala. 616, 28 So. 620; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216), no prejudicial error was committed in the ruling, since the witness thereafter answered.

[2-5] The affirmative charge should not have been given. The time and place of closing the contract was in dispute, or was a matter of inference for the jury. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. The contract was dated December 1, 1916, judicially known to have been Friday, and subject to be disputed by parol evidence. Formby v. Williams, 203 Ala. 14, 81 So. 682. The presumption is that the contract bore its true date, since it contained no indications of erasure or falsity. Nelson v. Brown, 164 Ala. 397, 51 So. 360, 137 Am. St. Rep. 61; Williams v. Armstrong, 130 Ala. 389, 30 So. 553; Hauerwas v. Goodloe, 101 Ala. 162, 13 So. 567. The place indicated therein was Winona, Minn.; and the plaintiff's evidence was to the effect that the contract only became executed and effective when received and approved at such time and place. Defendants' testimony tended to show that it was executed on Sunday at Russellville, Ala.,

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and mailed to plaintiff. Where the evidence is in conflict, the general charge should not be given. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 691, 91 So. 779; Haynes v. Phillips, 211 Ala. 37, 99 So. 356.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.