(108 So. 244)

**J. R. WATKINS CO. v. HILL et al.**
**(8 Div. 824.)**

(Supreme Court of Alabama. Jan. 28, 1926. Rehearing Denied May 6, 1926.)

1. **Contracts ⊜26—Contract or acceptance of proposal by letter is complete and takes effect when letter is deposited and duly posted in post office.**

When contract is made or unqualified proposal accepted by letter of promisor, it is complete and takes effect when letter is deposited and duly posted in the post office.

2. **Contracts ⊜2—Generally, in absence of contrary stipulation, validity of contract is judged by law of state or country where it is made.**

Generally, in absence of stipulation to the contrary, validity of a contract is judged by law of state or country in which same is entered into, and if good where made is good everywhere, and if invalid there is invalid everywhere.

3. **Contracts ⊜325—Party seeking enforcement of contract must bring himself within requirements of lex fori.**

Party seeking enforcement of contract must bring himself within prescriptions and requirements of lex fori in seeking remedy.

4. **Contracts ⊜2—Exceptions to general rule that validity of contract is governed by lex fori are when contract refers to law of another jurisdiction, or performance is to be therein.**

Exceptions to general rule that validity of contract is governed by lex fori are where parties have contracted with reference to law of another jurisdiction, or where contract is to be performed in another jurisdiction.

5. **Guaranty ⊜6—As to guaranty of future indebtedness, actual acceptance by party to whom offer of additional credit was made was required.**

Where offer of additional credit was accorded in Minnesota to sales agent in Alabama, as to guaranty of future indebtedness, actual acceptance by party to whom offer was made was required.

6. **Guaranty ⊜6—Contract of guaranty mailed on Sunday held to presuppose right of acceptance by guarantee, with right of withdrawal by maker until there was unqualified acceptance.**

Where contract of guaranty was mailed in Alabama on Sunday to be transmitted to guarantee, to be accepted or rejected in Minnesota, it presupposed right of receipt, inspection as to regularity and sufficiency of guarantors offered, with unqualified right of withdrawal by maker until there was an unqualified acceptance.

7. **Guaranty ⊜78(1)—Defense that contract was invalid because mailed on Sunday, if unavailable to principal, was unavailable to guarantors.**

Guarantors or sureties have no higher right than their principal, and, where defense that contract of guaranty was invalid as being mail-

---

ed on Sunday was unavailable to principal, it is unavailable to guarantors.

**8. Guaranty ⬦⇒6.**

Contract of guaranty takes effect on day of its delivery and acceptance as the facts warrant.

**9. Guaranty ⬦⇒2.**

Where contract of guaranty was to be accepted in Minnesota, it takes effect as a whole, and is governed by the laws of that state.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by the J. R. Watkins Company against E. E. Hill and J. L. Hargett. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Key & Key, of Russellville, for appellant.

A contract is governed, as to its nature, obligation, validity, and interpretation, by the law of the place where it is made. Southern Ry. Co. v. Harrison, 24 So. 552, 119 Ala. 539, 43 L. R. A. 385, 72 Am. St. Rep. 936; Southern Ex. Co. v. Gibbs, 46 So. 465, 155 Ala. 303, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24; Western U. T. Co. v. Favish, 71 So. 183, 196 Ala. 11; Liverpool, etc., Co. v. Phenix Ins. Co. 9 S. Ct. 476, 129 U. S. 397, 32 L. Ed. 788; N. Y. Life Ins. Co. v. Scheuer, 73 So. 409, 198 Ala. 52. The defendants had the duty of showing that, if the contract was a Sunday contract, it was void in Minnesota. Waters v. Richmond, etc., Co., 12 S. E. 950, 108 N. C. 349; Allen v. Caldwell, 42 So. 855, 149 Ala. 293; Marengo Abstract Co. v. Hooper, 56 So. 580, 174 Ala. 497; Gafford v. Speaker, 27 So. 1003, 125 Ala. 498. The contract declared on is a guaranty contract; it was only an offer to become bound until it was received and accepted in Minnesota. 12 R. C. L. 1067; Saint v. Wheeler, 10 So. 539, 95 Ala. 372, 36 Am. St. Rep. 210; Cahuzac & Co. v. Samini, 29 Ala. 288. Notice of acceptance was waived, but acceptance was essential, and could not be waived. Kenan v. Lindsay, 28 So. 570, 127 Ala. 270; Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686; Furst & Thomas v. Sandlin, 94 So. 740, 208 Ala. 490. An offer of guaranty may be revoked at any time before acceptance. 20 Cyc. 1404; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498. Delivery of the contract into the mail was not delivery to appellant, since the sender had the right to recall the same from the post. Scottish-American Co. v. Davis, 74 S. W. 17, 96 Tex. 504, 97 Am. St. Rep. 932. The instrument is a Minnesota contract, and casual execution and delivery on the Sabbath does not render same void in that state. Holden v. O'Brien, 90 N. W. 531, 86 Minn. 297; Ward v. Ward, 77 N. W. 965, 75 Minn. 269; W. T. Rawleigh Co. v. Walker, 77 So. 70, 16 Ala. App. 232; Farm M. & L. Co. v. Beale (Neb.) 202 N.

W. 877. If the contract was consummated on Sunday, and appellant had no part in it, the appellant may recover. 25 R. C. L. 1432; Diamond Glass Co. v. Gould (N. J. Sup.) 61 A. 12. The sureties had no higher right than the principal. Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79.

W. L. Chenault, of Russellville, for appellees.

Contracts made on Sunday are void. Code 1907, § 3346. A contract is fully executed on its delivery. Flanagan v. Meyer, 41 Ala. 132; Burns v. Moore, 76 Ala. 339, 52 Am. Rep. 332. Deposit of the contract in the post office was final delivery. 13 C. J. 308; Hatchett v. Molton, 76 Ala. 410; McCormick v. Joseph, 77 Ala. 241; Garrett v. Trabue, 3 So. 149, 82 Ala. 232.

THOMAS, J. The contract in evidence was a renewal of a sales agency in Colbert county, Ala., an acknowledgment and security for past indebtedness of $898.30, and a provision for future credit to be extended in another state. Phases of the case were presented in Watkins v. Hargett, 95 So. 811, 209 Ala. 165, and Watkins v. Pace, 101 So. 758, 212 Ala. 63.

[1] When a contract is made or unqualified proposal accepted by the letter of the promisor, it is complete and takes effect the moment the same is deposited and duly posted in the post office. Hatchett v. Molton, 76 Ala. 410; McCormick v. Joseph, 77 Ala. 236; Garrett v. Trabue, Davis & Co., 3 So. 149, 82 Ala. 227.

As we have indicated, the contract declared upon had a threefold purpose, and the evidence is uncontradicted that it was filled out as to amount and executed by the plaintiff company when it was received in this state for execution by Pace and his guarantors. If no questions of agency or security for a past indebtedness were presented, and merely that of guarantor and guarantee, the actual acceptance by the latter would be required. Kenan v. Lindsay, 28 So. 570, 127 Ala. 270. That is to say, where a contract is signed by the principal and his guarantors and forwarded by mail from the state of Alabama to plaintiff in another state, and there to be accepted and acted upon by the latter, our decisions are to the effect that it is governed by other law than that of Alabama. Furst & Thomas v. Sandlin, 94 So. 740, 208 Ala. 490, and authorities cited.

[2-4] The general rule, in the absence of stipulation to the contrary, is that the validity of a contract is judged by the law in the state or country in which the same is entered into, and if "good where made is good everywhere," and a contract invalid where made is invalid everywhere. N. Y. L. Ins. Co. v. Scheuer, 73 So. 409, 198 Ala. 47, 52; Scheible v. Bacho, 41 Ala. 423; Swink's

Adm'r v. Dechard, 41 Ala. 258; Evans v. Kittrell, 33 Ala. 449; Thomas v. Degraffenreid, 17 Ala. 602, 609; Goodman v. Munks, 8 Port. 84; Story's Conf. Laws, §§ 242–245. And in the enforcement, the party seeking that remedy must bring himself within the prescriptions and requirements of the lex fori. Goodman v. Munks, supra; Galliher v. State M. L. Ins. Co., 43 So. 833, 150 Ala. 543, 124 Am. St. Rep. 83. Exceptions to the general rule of lex loci are where the parties clearly appear to have legally contracted with reference to the law of another jurisdiction, or where the contract is to be performed in another jurisdiction. Southern Exp. Co. v. Gibbs, 46 So. 465, 155 Ala. 303, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24. Stated in other words, the general rule is that the nature, obligation, validity and interpretation of a contract are according to the laws of the state where made, or where performance begins, unless it is apparent that the parties manifest a mutual intention to the contrary, or unless it is to be performed in some other place, in which case the law of the other place and of performance will govern. Southern Ry. Co. v. Harrison, 24 So. 552, 119 Ala. 539, 43 L. R. A. 385, 72 Am. St. Rep. 936; Southern Exp. Co. v. Gibbs, 46 So. 465, 155 Ala. 303, 18 L. R. A. (N. S.) 874, 130 Am. St. Rep. 24; W. U. Telegraph Co. v. Favish, 71 So. 183, 196 Ala. 4; Liverpool & G. W. Steam Co. v. Phenix Co., 9 S. Ct. 469, 129 U. S. 397, 32 L. Ed. 789.

[5] The incidental sales agency created, though confined to Colbert county, Ala., where the canvass and sales were stipulated to be made of the J. R. Watkins Company goods, and acknowledgment of the debt of $898.30 by Pace, a citizen of said county, to the said company under a former contract, was secured by the guaranty of citizens of that county only or when the same were accepted by the company. The obtaining of the extension of payment and the additional credit of $381.10 was accorded in the state of Minnesota.

As to the guaranty for the future indebtedness of $381.10, actual acceptance by the party to whom the offer of additional credit was made is required. In Diamond Glass Co. v. Gould (N. J. Sup.) 61 A. 12, 13, it is said:

"The guaranty was dated on Sunday, and was delivered to the plaintiff on a secular day, and on that day a letter of acceptance of the guaranty was written, and sent to the defendant. We do not think that Gould, for whom the guaranty was made, was the agent of the plaintiff in procuring the guaranty. It was his proposition to furnish a guarantor of his account, and such guarantor was, of course, to be a person acceptable to the plaintiff. In securing the signature of such guarantor Gould was acting for himself, and not on behalf of, or as the agent of, the plaintiff. This case is within the principle determined in Gibbs v. Bruckner, 4 S. Ct. 572, 111 U. S. 597, 28 L. Ed. 534."

[6] Pleas D and E are insufficient answers to the several counts of the complaint for reasons to be stated. When the respective pleadings—the counts and the pleas—are considered with reference to each other, it is the averment of a contract of guaranty, signed by the guarantors, posted by the principal, in Alabama, on Sunday, to be transmitted to the guarantee and accepted or rejected by it in Minnesota. Until this was done the guarantors and Pace were mere applicants for extension of time of payment of the old debt and for future credit to be accorded by the company in the other state, to be extended there, and to become due and payable within its terms for goods delivered f. o. b. that point. Such a contract presupposes the right of receipt, inspection as to regularity of the execution of the contract of guaranty, the investigation as to sufficiency of the guarantors offered; and this presupposes the unqualified right of a due withdrawal by the maker until there was unqualified acceptance by the guarantee. Furst & Thomas v. Sandlin, 94 So. 740, 208 Ala. 490; W. T. Rawleigh Co. v. Walker, 77 So. 70, 16 Ala. App. 232; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498; Scottish-American Mortg. Co. v. Davis, 74 S. W. 17, 96 Tex. 504, 97 Am. St. Rep. 932; 9 Cyc. 670; 16 L. R. A. (N. S.) 363. The terms of the acceptance are as follows:

"In consideration of one dollar in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, and the execution of the foregoing agreement, which we have read or heard read and hereby assent to, and the sale and delivery by it to the party of the second part as vendee, of its medicine, extracts and other articles, and the extension of the time of payment of the indebtedness due from him to said company, as therein provided, we, the undersigned sureties, do hereby waive notice of ecceptance [acceptance] of this agreement and diligence in bringing action against the second party, and jointly, severally and unconditionally promise and guarantee the full and complete payment of said sum and indebtedness and for said medicine, extracts and other articles, and of the prepaid freight, and express charges thereon, at the time and place and in the manner in said agreement provided."

This also indicates the threefold nature of the contract. If it could be said to be in any respect affected with latent ambiguity, and if we may advert to plaintiff's evidence, they treated the same as a proposal to become ultimately bound by the guarantors by indicating their acceptance of the guaranty for future credits, etc., Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498, 15 L. R. A. (N. S.) 375, note.

[7, 8] The distinction adverted to is well founded. In a sense it was recognized on former appeal (95 So. 811, 209 Ala. 165) by the observation that if the principal by fraud induces the sureties to become bound, but the obligee has no notice of it, such fraud will, as a general rule, be no defense to the surety.

The cases proceed upon the ancient rule that when one of two innocent parties must suffer by a fraud perpetrated by another the law imposes the loss upon him who, by misplaced confidence, enabled the other to be defrauded. The guarantors or sureties have no higher right than the principal. If the defense sought to be interposed would not be available to Pace, as to the new credit, it would not be available to his guarantors. To hold otherwise would authorize the maker and proposer to deliberately execute or make the proposition or guaranty on Sunday, and then defeat liability on proof of a fact (that it was posted on Sunday) of which the plaintiff was not a party and of which he was not cognizant and without his concurrence, when he accepted the proposition and extended the credit. The guaranty takes effect of the day of its delivery and acceptance, as the facts warrant. Cahuzac v. Samini, 29 Ala. 288; Saint v. Wheeler, etc., Co., 10 So. 539, 95 Ala. 362, 373, 36 Am. St. Rep. 210; W. T. Rawleigh Med. Co. v. Walker, 77 So. 70, 16 Ala. App. 232; Cross v. Bank, 84 So. 267, 203 Ala. 561 (mortgage from date of delivery); Stewart v. Harbin, 90 So. 496, 206 Ala. 484 (where lessor recovered for use and occupancy, though consent to assumption of lease by lessee's assignees was given on Sunday).

Under the right of withdrawal as to the application for future credit, if the same had been sought to be exercised the postal laws or regulations would be material and relevant, and if denied in a proper case would be error. However, it was not shown by the evidence or statement of counsel to the court that the right of withdrawal was sought to be exercised before the proposal was accepted and became the contract of the parties; the evidence offered was immaterial.

[9] The appellant cites authorities from the Supreme Court of Minnesota to the effect that the laws of that state do not prohibit or render void the casual execution and delivery of a contract on Sunday. Ward v. Ward, 77 N. W. 965, 75 Minn. 269; Holden v. O'Brien, 90 N. W. 531, 86 Minn. 297. The contract takes effect as a whole and is governed by the laws of Minnesota. There was error in overruling demurrer to pleas setting up the Sunday laws as answer to counts 2 and 3.

It should be said that the action of the trial court on the last trial was pursuant to the announcements made on the second appeal. However, the contract and pleading have been considered by the whole court, and the opinion on the second appeal is modified or overruled as we have indicated.

The judgment is reversed for the ruling on demurrer to pleas C, D, and E as answer to counts 2 and 3.

Reversed and remanded.

All the Justices concur.