JOSEPH L. BERS et al., Doing Business under the Firm Name of E. BERS & Co., Appellants, *v.* ERIE RAILROAD COMPANY, Respondent.

**Carriers — bill of lading — ejusdem generis — provision that goods received from private or other sidings shall be at owner's risk until " cars are attached to and after they are detached from trains "— construction and meaning of term " private or other sidings."**

1. Where it is provided by a bill of lading that property " received from or delivered on private or *other* sidings, wharves, or landing shall be at owner's risk until the cars are attached to and after they are detached from trains," the purpose of such provision is to limit the liability of the carrier by fixing definitely a time when owner's risk terminates and carrier's risk begins. The words " or other " following the word " private " are restricted to the same kind of sidings and include not *all* sidings but only sidings *like* private sidings.

2. Where merchandise was loaded by plaintiffs under such a bill of lading into a car standing on a side track in front of their warehouse, which track had been constructed by the defendant railroad company on its own land in front of a number of warehouses, including that of the plaintiffs, for the reception of goods from, and delivery to, such warehouses, and before the car, upon which the merchandise was loaded, had been attached to a train the merchandise was taken therefrom, the plaintiffs cannot, under the terms of the bill of lading above quoted, recover from the defendant the value of such merchandise.

*Bers* v. *Erie R. R. Co.*, 176 App. Div. 241, affirmed.

(Argued January 31, 1919; decided February 25, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 31, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph Kahn* and *Frederick Zorn* for appellants. The Appellate Division erred in holding that private or other sidings comprehend all sidings. (*Duanesburgh* v. *Jenkins*, 40 Barb. 584; *Matter of Hermance*, 71 N. Y. 481; *Allam* v. *Penn. R. R. Co.*, 183 Penn. St. 174; *Bainbridge Grocery Co.* v. *Atlantic Coast Line*, 8 Ga. App. 677; *Nat. Refining Co.* v. *St. L., I. M. & S. Ry. Co.*, 237 Fed. Rep. 347; *Swift Co.* v. *H. V. R. R. Co.*, 243 U. S. 281; *Union Lime Co.* v. *Boston Ry. Co.*, 233 U. S. 211; 10 Corpus Juris, 182; *Hawkins* v. *Gt. Western Railway*, 17 Mich. 57; *Zimmer* v. *N. Y. Central Co.*, 16 N. Y. Supp. 631; 137 N. Y. 460.) The track upon which the car was loaded was neither a " private " nor " other siding " within the meaning of the bill of lading. (*Associated Jobbers* v. *A., T. & S. F. Ry. Co.*, 18 I. C. C. 310; *N. Y. C. R. R. Co.* v. *Gen. El. Co.*, 219 N. Y. 227; *Swift* v. *H. V. Ry. Co.*, 243 U. S. 281; *Jolly* v. *A., T. & S. F. Ry. Co.*, 21 Cal. App. 368.) The track in question was a part of defendant's terminal and freight yard to which the siding clause does not apply. (*People ex rel. City of Buffalo* v. *N. Y. C. R. R. Co.*, 156 N. Y. 570; *B. & O. S. W. R. Co.* v. *Little*, 149 Ind. 167; *Morisetto* v. *C. P. R. R. Co.*, 56 Atl. Rep. 1102; *Associated Jobbers* v. *A., T. & S. F. Ry. Co.*, 18 I. C. C. 310.)

*Harold W. Bissell* and *William C. Cannon* for respondent. The Appellate Division was correct in construing the words " private or other sidings " as including all sidings; in holding that the track upon which the car

was loaded was a siding; and that respondent was, therefore, not liable for the loss. (Sutherland on Stat. Const. [2d ed.] § 437; *Nat. Bank* v. *Ripley,* 161 Mo. 126; *Standard C. T. Co.* v. *P. R. R. Co.,* 88 N. J. L. 257; *O'Brien* v. *U. C. L. Ins. Co.,* 207 N. Y. 180.) Upon the undisputed evidence the siding in question is within the meaning of "private or other sidings," even if the Appellate Division's construction thereof be deemed too broad, and the meaning be restricted to private or other sidings *ejusdem generis.* (*Standard C. T. Co.* v. *P. R. R. Co.,* 88 N. J. L. 257.)

POUND, J. This action is to recover damages for the loss of merchandise delivered to defendant for transportation from Passaic, N. J., to New York city. It involves the proper construction of the latter portion of section 5, paragraph 3, of Uniform Bill of Lading which reads as follows:

" Property destined to or taken from a station, wharf, or landing at which there is no regularly appointed agent shall be entirely at risk of owner after unloaded from cars or vessels, or until loaded into cars or vessels, and when received from or delivered on *private or other sidings,* wharves, or landing shall be at owner's risk until the cars are attached to and after they are detached from trains."

The purpose of this limitation of liability is to fix definitely a time when owner's risk terminates and carrier's risk begins.

If the property was received by the defendant on a " private *or other* " siding, it was at plaintiff's risk, as the car from which it was taken had not been attached to a train. The merchandise had been loaded by consignors upon a car which was placed on a track in front of their warehouse. This track had been constructed by defendant on its own land, east of its freight house, for the receipt and delivery of freight at a number of private

35

warehouses and was under its exclusive control. It extended from the freight house about a mile parallel with the main track. It was connected with the main track with two sets of switches. There is also a connecting piece of side track on which cars are placed for loading or unloading at defendant's freight house, but the track in question was used regularly by the warehouses in front of which it ran. It was a side track, a short track connected with the main track, a siding. Appellant contends that it is not a " private or other " siding. The majority of the court below held that the phrase in the bill of lading included within its terms *all* sidings, whether public or private. That meaning would be more clearly expressed by the use of the word " sidings " and a good rule of construction suggests that the words " or other " following the word " private " include not *all* sidings, but only sidings *like* private sidings. " When a particular class is spoken of, and general words follow, the class first mentioned is to be taken as the most comprehensive " (*Matter of Hermance*, 71 N. Y. 481, 487), and the general words are restricted to those of the same kind (*ejusdem generis*). The minority held this particular siding was not a siding within the contemplation of the bill of lading; that it was merely an extension of defendant's freight depot, at which it received the property, but that conclusion seems to be based on proximity exclusively.

It was not a private siding. Private sidings include mainly those which are owned or maintained by shippers for the purpose of connecting their factories and warehouses with the tracks. They thus provide themselves with conveniences which the railroad fails to furnish. It was not a public siding, open to the use of the shipping public in general, for the loading and unloading of cars, like the freight station and yards. It was not a part of the railroad terminal or freight station. It was

separated therefrom as effectively as if the warehouses had been five miles from the freight depot. It was an industrial switch, a terminal facility for the use and convenience of the shippers whose warehouses were adjacent thereto. It was like a private siding in all respects except that the carrier owned it. These shippers were fortunate enough to have the advantages of a private siding without the burden of private ownership. If any force is to be given to the words " or other," as qualifying rather than amplifying the word " private," they must be extended to include such a siding as this. Thus full meaning is given to the words used and the apparent purpose of the parties is accomplished.

Cases dealing with the duty of carrier to shipper with regard to cars on such tracks do not aid us in finding a proper meaning of contractual words intended to limit liability, nor is it necessary to define the term " delivery on a private or other siding " which may present other questions. (*Jolly* v. *A., T. & S. F. Ry. Co.*, 21 Cal. App. 368; *N. Y. Central & H. R. R. R. Co.* v. *General Electric Co.*, 219 N. Y. 227.)

I, therefore, recommend that the judgment appealed from be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.