CRESAP *v.* FURST & THOMAS.*

(Division B.   Nov. 16, 1925.)

[105 So. 848.   No. 25030.]

1. GUARANTY. *Guarantor not released by fraud of principal unknown to guarantee.*

    Guarantor is not released from liability by fraud of principal in obtaining his signature, guarantee not having participated in or known of the fraud.

2. GUARANTY. *Guarantee's agent held not shown to have known of fraud of principal in obtaining guarantor's signature.*

    Evidence in action on guarantee *held* not to show that guarantee's agent, though present when guarantor's signature was obtained, participated in or knew of principal's fraud (forgery of signature of another guarantor), by which guarantor was induced to sign.

3. PRINCIPAL AND AGENT. *Knowledge of special agent held not notice to principal.*

    Knowledge of agent of plaintiffs, with mere limited authority to solicit and recommend selling agents with guaranty of their accounts, whose contracts of agency plaintiffs would accept or reject at their place of business, that signature of guarantor to recommended agent's guaranty had been obtained by fraud, would not be notice to plaintiffs of the fraud.

---

*Headnotes 1. Guaranty, 28 C. J., Section 66; 2. Guaranty, 28 C. J., Section 201; 3. Agency, 2 C. J., Section 544.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by Furst & Thomas against G. W. Cresap. Judgment for the plaintiffs, and the defendant appeals. Affirmed.

*Cunningham & Berry,* for appellant.

This record discloses a case which should have gone to the jury. The jury should have been permitted to say, under the evidence of this record, which shows all the intimate relations the agent Wolfe had and bore to the whole transaction from beginning to end, whether or not he had guilty knowledge of such fraud, and practiced it upon appellant.

The chain of circumstances and surroundings was ample to justify the court in submitting the question to the jury as to whether or not Wolfe had sufficient knowledge of the fraud, or under the circumstances, ought to have had, to prove in all good conscience the statement to Cresap of the signatures he already had, and of the presentation of this instrument as the genuine instrument, when in fact it bore the forged signature of a guarantor. *Hilliard* v. *Cagle,* 46 Miss. 338; *Robertson & Co.* v. *Columbus Ins. & Banking Co.,* 38 So. 100; *Anderson* v. *Bellinger,* 6 So. 83; *Klein* v. *Richardson et al.,* 8 So. 204; 21 R. C. L., sec. 3839, Principal and Surety; 12 R. C. L.,

sec. 91-92, Fraud and Deceit; 20 Cyc. Fraud, pages 122-123.

We do not attempt to assail the general doctrine that fraud must be proved. We have proven fraud by all the evidence. Everything in the record shows that this was a forged signature of J. A. Lomineck. No one contradicts the appellant's statement that he relied upon it as the genuine signature, and we have proven by the agent Wolfe's acts and conduct that he is so inseparably connected with this fraud and that he so persistently put it over on Cresap, for the interest of his principal, that he cannot escape the guilty knowledge of its existence.

II. *Authority to bind.* The proof shows that appellee's agent, Wolfe, had been delegated authority to look after *this very business.*

"They (Furst & Thomas) said that he was the solicitor and their agent and whatever instructions he gave me for me to accept, and that he had the right to make contracts, etc." The evidence shows that he was the central figure and "after preparing the contract," he carried it the whole rounds in his pocket and was the person to present it to all parties, including the appellant, Cresap. Under this evidence he had all authority to make these contracts, and it was his duty to see that the guarantors were genuine. Furst & Thomas cannot send out a man and clothe him with this authority, and allow him to practice a fraud and forgery, and then escape the responsibility of his acts. *Mitchell* v. *Campbell,* 72 So. 232; *Birdsong* v. *W. C. Craig & Co.,* 72 So. 136.

In such extreme carelessness and disregard for what was the true state of the signatures on the paper, the agent Wolfe's principals are, in all good conscience, bound by the fraudulent consequences of the agent's statements and acts. Even if the agent did not have actual notice that it was a forgery, his connection with it made it his duty to know, and he should not have made the statements he did make to Cresap to obtain his signature in the in-

terest of his principals, and in doing so the issue of fraud is clearly drawn, and ought to be decided by a jury.

We earnestly insist that this cause should be reversed and remanded.

*W. C. Sweat* and *B. F. Worsham,* for appellees.

The only question is that when Farris, the principal obligor or debtor, tendered the contract with his sureties to the company, and it was accepted by the company, the signature of J. A. Lomineck was on the bond, and J. A. Lomineck claims that he did not sign the bond. The record does not show in any way how J. A. Lomineck's name got on the contract; nor does the record show that appellee had any information other than that his signature on the contract was genuine when the contract was presented to the company for approval.

The procurement of the sureties on this contract in question was a condition precedent to entering into the contract between the company and Farris, and Farris was not the company's agent in procuring the sureties, and the company cannot be charged with his fraud; and even though he does misrepresent facts to sureties in procuring their signatures, no defense arises against the company, unless it is shown that the company is a party to such misrepresentation. *Saginaw Medicine Co.* v. *Batey.* (Mich.), 146 N. W. 329; *J. R. Watkins Co.* v. *Coombes* (Okla.), 166 Pac. 1072; *E. A. Lange Co.* v. *Johnson* (Ark.), 197 S. W. 1168; *J. R. Watkins Co.* v. *Hargett* (Ala.), 95 So. 811; *J. R. Watkins Co.* v. *Montgomery* (Ark.), 215 S. W. 638; *W. T. Rawleigh Co.* v. *Deavours* (Ala.), 95 So. 459; *W. T. Rawleigh Co.* v. *Royall* (Ga.), 119 S. E. 339.

The failure of the principal obligor to procure additional sureties is not chargeable against the company in an action against those signing as sureties, where the company is without notice of such failure, and acts in good faith. *W. T. Rawleigh Co.* v. *Stroud* (Wis.), 148

N. W. 875; *Benton County Bank* v. *Boddicker,* 105 Ia. 548; *Comstock* v. *Gage,* 91 Ill. 328; *Furst & Thomas* v. *Sandlin,* 94 So. 740.

We do not think that any fraud was practiced on Mr. Cresap. If Mr. Cresap has anything to complain of, it is his misplaced confidence in Mr. Farris. He said that he did not know Mr. Wolfe, and had never seen nor heard of him before, and certainly he did not sign this agreement on Mr. Wolfe's account. Furthermore, Mr. Cresap said that he signed the contract without reading it, or having it read to him. He did not ask any questions about it, did not have it explained to him; but says that he understood it was a guarantee for Mr. Farris, and that he signed it for Mr. Farris; and while he says that he did not know Mr. Farris very well, yet he did know him well enough to be willing without any question to sign the guarantee when it was presented to him.

The attorneys for appellant in their brief argue the case simply and solely from the standpoint that Mr. Wolfe was the man that forged J. A. Lomineck's signature to the contract, or at least knew all about it. They simply take this for granted, for the reason that the record nowhere indicates that Wolfe knew anything about J. A. Lomineck's signature being other than genuine.

Wolfe and Farris had the same jobs; that is, they were soliciting salesmen. Farris naturally knew what Wolfe's authority was and knew, as stated by him, that his authority was only to recommend, for Farris had the same authority that Wolfe had. All in all, we do not think the record presents a question of fraud. No fraud was practiced on Mr. Cresap. Furst & Thomas, without a question, are entitled to collect that which is justly owing to them by Mr. Farris and his guarantors.

The case of *Mitchell* v. *Campbell,* 72 So. 231, referred to by appellants is one where certain premises were rented for immoral and illegal purposes, and the negotiations were handled by the son of the owner of the property; the proof was clear that the son knew that the prop-

erty was being rented for such purposes, and that inasmuch as he was the agent of the lessor, and had this knowledge when the contract was made, that the same must be imputed to his principal.

In *Robertson* v. *Columbus Ins. & Banking Co.*, 38 So. 100, referred to by appellants, the record was clear that the bank, through its official board was a party to the fraud complained of, and of course, had full and actual knowledge of same, and naturally was forced by the courts to suffer the consequences of actual knowledge.

In *Hilliard* v. *Cagle*, 46 Miss. 309, referred to by opposing counsel, the parties deliberately withheld from record a trust deed in order to prevent injury to the merchant; and the court held that a party must be conclusively presumed to have intended fraud, if fraud logically results from his conduct.

We fail to see where the case of *Anderson* v. *Bellinger*, 6 So. 62, has any bearing whatever.

Argued orally by *Jas. A. Cunningham,* for appellant, and *B. F. Worsham,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This suit was brought by Furst & Thomas, appellees, against appellant, G. W. Cresap, to recover on a written guaranty signed by Cresap, with three other parties, in which Cresap guaranteed the payment of an account made by one Farris, who was an agent and salesman for the appellees, Furst & Thomas. The amount claimed as due by Cresap to appellees was one thousand five hundred forty-seven dollars and eighty-five cents, for which judgment was rendered, and from which this appeal is prosecuted.

Stated briefly, the case is this: H. M. Farris secured the agency to sell the goods of Furst & Thomas, and was required to give a written guaranty, signed by three persons, guaranteeing that whatever account Farris might make with the appellees would be paid. It seems that

Farris and one Mr. Wolfe, who was an agent to solicit and recommend contracts of agency to appellees, who would then accept or reject such contracts when presented to them at Freeport, Ill., approached the appellant, Cresap, and asked him to sign the guaranty, as they had already the names of P. L. Lomineck and J. A. Lomineck on the guaranty, with Farris as principal, and needed one more. Mr. Wolfe took the bond out of his pocket and showed it to appellant, who, seeing the names of the two other guarantors on the instrument, and knowing them to be responsible men, signed the guaranty. The written guaranty was turned over to Mr. Wolfe, who sent it to the appellees, Furst & Thomas, at Freeport, Ill., for their acceptance or rejection, he recommending the proposed agency of Farris and the written guaranty signed by the two Lominecks, the appellant, Cresap, and the principal, Farris.

The appellees received the guaranty signed by appellant and the others, and, believing it to be regular and valid in all respects, accepted it and entered into an agency contract with the said Farris. In the course of time Farris got behind in his accounts with appellees, and finally became indebted in the sum of about one thousand three hundred dollars, whereupon this suit was instituted to collect this amount from the guarantors, including the appellant, Cresap. A peremptory instruction was granted the appellee. There is no substantial conflict in the evidence.

The defense presented by appellant is that the name of J. A. Lomineck was forged to the written guaranty, and that it was represented to appellant that the two Lomineck's had signed the guaranty, and that upon this false representation he signed the guaranty; that he would not have signed it had he known the name of J. A. Lomineck was forged.

The appellees contend the judgment of the lower court is correct, because that even though one of the names on the guaranty was forged, still this would not release

appellant as a guarantor thereon because the guarantees, the appellees, had no knowledge of nor connection with the forgery, but accepted the guaranty in good faith and without notice of the forgery of the name of one of the guarantors, and that therefore the other guarantors on the obligation are liable for the amount due by the principal debtor.

The rule seems to be well settled in all jurisdictions that a guarantor is not released from the debt of a principal debtor where the guarantor's signature is obtained by fraud of the principal debtor, unless the guarantee, or obligee, participates in or has knowledge of the fraud. In the case before us it conclusively appears that appellees accepted the contract of guaranty at their place of business at Freeport, Ill., and they had no knowledge that any one of the signatures of the guarantors had been forged; therefore the appellant was liable as guarantor of the account of the principal, H. M. Farris.

In the case of *Watkins Medicine Co.* v. *Hargett et al.,* 209 Ala., 165, 95 So., 811, the court held that: "The fraud by which the principal debtor obtained a guaranty from the guarantors does not defeat the liability of the guarantors to a guarantee who did not participate in the fraud and had no knowledge thereof. Where one of two innocent parties must suffer by a fraud perpetrated by another, the law imposes the loss upon the party who, by his misplaced confidence, has enabled the fraud to be committed."

But it is argued by appellant that since Wolfe was the agent of the appellees, and had the written guaranty in his pocket and solicited appellant to sign it, this was a participation in the forgery, or that the agent Wolfe at least had notice of the forgery, and that notice to Wolfe, the agent, was notice to appellees, and for that reason the appellant should be released from the guaranty.

The contention would be full of merit if the record did not show that Wolfe was merely an agent, with limited authority to recommend contracts and agencies to appel-

lees, who accepted or rejected them at their place of business at Freeport, Ill.; consequently, if Wolfe knew of the forgery, it would not be notice to appellees, who accepted the guaranty at their place of business at Free-port, Ill., because Wolfe had no authority to bind appellees.

It is not shown, however, from this record that Wolfe had anything to do with the forgery or knew anything about it, as it seems that he did no more than solicit the signature of appellant and present the written guaranty, already signed by the two Lominecks and Farris, Farris being present also for the same purpose. But if it be conceded that Wolfe knew of the forgery, still, as we have stated above, this would not be notice to appellees that would defeat their claim against the appellant as one of the guarantors in the transaction. *Watkins Medicine Co.* v. *Hargett et al.,* 209 Ala. 165, 95 So. 811, 28 C. J., 927, 39 Ann. Cas. 505.

In view of the conclusion reached above, the judgment of the lower court is affirmed.

*Affirmed.*