TIMES-PICAYUNE PUB. CO. *v.* FRIERSON *et al.*

(Division B.  Nov. 7, 1932.)

[144 So. 235.  No. 30225.]

Geo. W. and E. J. Currie, of Hattiesburg, and U. B. Parker, of Wiggins, for appellant.

J. E. Stockstill, of Picayune, for appellees.

108

Argued orally by **J. E. Stockstill**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellant is the publisher and general distributor of a daily newspaper. On or about April 15, 1929, appellant entered into a local distributor's contract with one A. A. McQueen, of Picayune, Mississippi, under which contract said McQueen was to be appellant's distributor in that locality for the said newspaper. On the back of the contract, when completed and delivered to appellant, there was a bond or guaranty, executed by appellees as the two sureties, by which the sureties obligated themselves to pay to the publisher any sum or sums within the amount of seven hundred fifty dollars which might become in default of payment under said contract.

On October 3, 1930, appellant filed its declaration in the county of the residence of the said McQueen and of the sureties, and thereby demanded judgment for a principal debt of four hundred thirty-six dollars and forty-six cents which appellant therein alleged had become due in default of payment under the aforesaid contract, and the judgment was demanded against the principal, A. A. McQueen, and also against the two sureties. McQueen did not defend, and judgment by default was taken against him. Appellees, the two sureties, defended and alleged and proved the following facts: That the bond in question was presented to them by Edwin McQueen, the minor son of A. A. McQueen; that, when so presented, the bond was in blank as to the name of the principal obligor therein and as to the amount of the penalty; that appellees are the uncles of the said minor, Edwin McQueen, and that it was then and there represented to them by said Edwin McQueen that the bond was to be filled in for the sum of one hundred dollars with Edwin McQueen as principal, and that the sole purpose of the bond was that Edwin McQueen, who had theretofore been acting as delivery boy for said newspaper in said community, might continue in that employment; that appellees upon said representation and for said purpose signed the bond and delivered the same to said Edwin McQueen, with the understanding that the blank as to the principal should be later filled with the name of Edwin McQueen, and the blank as to the amount of the bond should be filled out in the sum of one hundred dollars and no more, and that, when so filled, should be sent to appellant as a basis of credit.

The undisputed proof in behalf of appellant was that it was required by appellant that the said bond should, after its execution be indorsed by a cashier or the postmaster certifying that in the opinion of the indorser the sureties were good for the obligation assumed. That this bond was presented to E. M. Walker, general merchan-

dise cashier, at which time it contained the name of A. A. McQueen as principal, the signatures of appellees as sureties, and was filled as to the penalty in the sum of seven hundred fifty dollars. It is the further undisputed proof that, when the bond reached appellant at its general office in New Orleans, it was filled out and was complete in all particulars as last mentioned, and that appellant accepted the same without any notice whatever of the facts relied on by appellees. The further proof is that the bond was sent in the first instance by appellant to A. A. McQueen; that appellant did not know that the minor, Edwin McQueen, would have anything to do with said bond; that the minor, Edwin, was the servant or representative of his father, and not at any time of appellant; and that appellant had not authorized Edwin McQueen to make any statement or to take any action in respect to the bond.

Upon the close of the evidence, appellant moved for a directed verdict, which motion was overruled, and thereupon the case was submitted to the jury under instructions which told the jury in effect, if they should find from the evidence that the boy, Edwin McQueen, was the agent of appellant, and as such made the representations to the sureties which have been above set out, then the jury should find for the defendant sureties.

We are of opinion that every one of the several instructions granted at the instance of appellees which submitted the theory of agency in Edwin McQueen was erroneous; and further that appellant was entitled to a directed verdict in its behalf as requested. We think the facts demand the application in behalf of appellant of the following rule of law: ''A surety who signs a bond in blank and intrusts it to his principal to be filled in and delivered to the obligee is bound by the instrument as delivered, although the principal, before delivery, inserts in the bond a larger penal sum than that agreed upon between him and the surety, if the obligee has no

notice, from the face of the bond or otherwise of the unauthorized act of the principal." White v. Duggan, 140 Mass. 18, 2 N. E. 110, 54 Am. Rep. 437. See, also, 50 C. J., pp. 45, 46; 21 R. C. L., pp. 969, 970, 1075; King County v. Ferry, 5 Wash. 536, 32 Pac. 538, 19 L. R. A. 500, 34 Am. St. Rep. 880; Pingrey on Suretyship (2 Ed), sec. 56; Cresap v. Furst & Thomas, 141 Miss. 30, 37, 105 So. 848.

Upon the contention that Edwin McQueen was the agent of appellant, and that appellant was bound by the representations made by him, any such contention is at once overruled by the law, which is that Edwin McQueen, whether acting for himself or for his father, could not be the agent of appellant in respect to the execution of the bond and in the procurement of sureties thereto, because in that matter he was acting in a capacity which may be termed as adverse or antagonistic to appellant. In that matter the McQueens were acting in their own behalf, and any fraudulent representation or other fraudulent conduct of either of them cannot be attributed to appellants. Watkins Co. v. Poag, 154 Miss. 222, 229, 122 So. 473. See, also, Cresap v. Furst & Thomas, supra; Rawleigh Co. v. Brown, 143 Miss. 895, 108 So. 720.

Reversed, and judgment here for appellant.